REDACTED / CLEARED FOR PUBLIC RELEASE

Filed with Classified
Information Security Officer
CISO
Date 9/18/12

## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Criminal No. 1:12-cr-00127-LMB |
| | ) |
| JOHN KIRIAKOU, | )   Filed In Camera and Under Seal |
| | )   with the Classified Information |
| Defendant. | )   Security Officer |

## MOTION FOR RULE 15 DEPOSITIONS

(U)    Pursuant to Federal Rule of Criminal Procedure 15(a)(1), Defendant John C. Kiriakou ("Mr. Kiriakou" or "Defendant"), through counsel, respectfully moves the Court for an order permitting the depositions of three (3) individual witnesses. Two of the requested Rule 15 witnesses are identified as Journalist A and Journalist B in the Indictment in this case. The third requested Rule 15 witness is designated as "Researcher 1" in this motion but is not identified in the Indictment. The true identities of Journalist A, Journalist B, and Researcher 1 are disclosed in Reference No. 71 of the Defendant's CIPA Section 5 Notice.

### (U)   FACTUAL BACKGROUND

(U)    In a five-count indictment, Mr. Kiriakou is charged with violating 50 U.S.C. § 421(a) (disclosure of information identifying a covert agent), 18 U.S.C. § 793(d) (disclosure of national defense information), and 18 U.S.C. § 1001(a)(1) (trick or scheme to conceal a material fact). Based upon the nature of the disclosures alleged in this case, the procedures and protocols within the Classified Information Procedures Act ("CIPA") are applicable. Under CIPA, the defense must notify the Government and the Court of any classified information that the Government intends to use during the trial proceedings. *United States v. Fernandez*, 913 F.2d 148, 151 (4th

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Cir. 1990); *see* 18 U.S.C. App. III § 5(a) (requiring noticing when "a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant"). If a defendant does not comply with the notice requirement, "the court may preclude disclosure of any classified information not made the subject of notification and may prohibit the examination by the defendant of any witness with respect to any such information." 18 U.S.C. App. III § 5(b); *see United States v. Drake*, 818 F. Supp. 2d 909, 914 (D. Md. 2011). CIPA's notice requirement applies equally to testimonial and documentary evidence that contains classified information, and thus requires the defendant to specify testimony he intends to elicit at trial if that testimony is expected to contain classified information.

The disclosures alleged in Counts 1 through 4 of the Indictment relate to Mr. Kiriakou's purported discussions with Journalist A and Journalist B regarding the identity and/or association of two individuals—Covert Officer A and Officer B—to the Rendition, Detention, and Interrogation Program (the "RDI Program") Though not referenced in the Indictment, information developed by Mr. Kiriakou's defense indicates that Researcher 1 participated with Journalist A in certain activities alleged in the Indictment.

(U)  Aside from limited email correspondence relating to these individuals—almost all of which is quoted or directly referenced within the Indictment—the government has produced virtually no discovery related to the alleged disclosures. The discovery that was produced includes (a) no record of interviews or any other statements to the Government by Journalist A, Journalist B, or Researcher 1 and (b) no context for the overall scheme or process in which Mr.

2

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Kiriakou allegedly disclosed the information or in which the Rule 15 witnesses pursued certain information. In particular, the discovery contains no evidence indicating whether the Rule 15 witnesses at issue had other, independent sources for the classified information allegedly disclosed by Mr. Kiriakou.

(U) Despite this critical gap, Mr. Kiriakou understands that the Government does not intend to call Journalist A, Journalist B, or Researcher 1 as witnesses at trial. Based upon communications with each of these individuals and their counsel, all are unwilling to submit to on-the-record interviews or otherwise testify voluntarily. It is likely that all may assert a "journalist's privilege" if compelled to testify.

## (U) ARGUMENT

### I. (U) MR. KIRIAKOU IS ENTITLED TO TAKE THE REQUESTED DEPOSITIONS PURSUANT TO RULE 15

(U) "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." FED. R. CRIM. P. 15(a)(1). The following three conditions guide the "exceptional circumstances" analysis: (1) the prospective witness may be unable to attend or may be prevented from attending a trial or hearing; (2) the testimony is material; and (3) it is necessary to take his deposition in order to prevent a failure of justice. *See United States v. Jefferson*, 594 F. Supp. 2d 655, 664 (E.D. Va. 2009) (citing FED. R. CRIM. P. 15 advisory committee's note); *see also United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993) ("When a prospective witness is unlikely to appear at trial and his or her testimony is critical to

3

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

the case, simple fairness requires permitting the moving party to preserve that testimony—by deposing the witness—absent significant countervailing factors which would render the taking of the deposition unjust.").

All three criteria—unavailability, materiality, and the interests of justice—are present in this case and fully support the order requested in this motion.

### A. (U) Unavailability and the Requirements of CIPA

(U) The first prong of the "exceptional circumstances" test is met where, as here, "the witness[es] will be unavailable to testify." *United States v. Hajbeh*, 284 F. Supp. 2d 380, 382 (E.D. Va. 2003). The defense may, of course, subpoena these witnesses to appear at trial pursuant to Federal Rule of Criminal Procedure 17. The three individuals at issue, however, would nonetheless still effectively be unavailable for trial testimony.

(U) Specifically, the defense intends to elicit answers from these witnesses that are expected to include classified information. Because the specific answers and information that would be provided by these witnesses will be unknown until trial, however, such classified information will not have been noticed and adjudicated as required by CIPA beyond the notice currently provided.[1] *See Drogoul*, 1 F.3d at 1553 ("A potential witness is unavailable for purposes of Rule 15(a) . . . whenever a substantial likelihood exists that the proposed deponent will not testify at trial. In that situation, justice usually will be served by allowing the moving party to take the deposition, thereby preserving the party's ability to utilize the testimony at trial, if necessary.").

---

(U) [1] Regarding Mr. Kiriakou's CIPA§ 5 Notice relating to the Rule 15 witnesses, the Government has responded that the notice is insufficient and that discussions with these witnesses is impermissible under the protective order in this case.

4

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

(U)    This unavailability is a direct result of procedural restrictions imposed by CIPA. Mr. Kiriakou, through his notice pursuant to § 5(a) of CIPA, has made a good faith effort to put the Government on notice that (a) the defense intends to call these witnesses at trial and (b) the potential for disclosure of classified information by these witnesses. There has been essentially no discovery upon which the defense may rely in noticing the classified information it intends to elicit from the Rule 15 witnesses at trial. While the defense has ample reason to believe that the witnesses had classified information from multiple sources, unless the request for Rule 15 depositions is granted, the defense has no way to particularize in advance the classified information that it would seek to elicit from these witnesses.

(U)    CIPA is specifically intended to prevent this type of surprise at trial. *See United States v. Badia*, 827 F.2d 1458, 1465 (11th Cir. 1987) ("[T]he objective of CIPA is to provide the government with both notice of the defendant's intent to introduce sensitive information at trial, and a particularized description of the classified information prior to trial.") For the foregoing reasons, in the context of CIPA, Journalist A, Journalist B, and Researcher 1 are—for all practical purposes—not available to testify at trial within the context of Federal Rule of Criminal Procedure 15.

(U) These witnesses may also be unavailable because of the strong likelihood that the individuals will assert the so-called "journalist's privilege" in response to a trial subpoena served by Mr. Kiriakou. *See United States v. Sterling*, 818 F. Supp. 2d 945, 951 (E.D. Va. 2011) (noting that "the Fourth Circuit recognizes a qualified First Amendment reporter's privilege that may be invoked when a subpoena either seeks information about confidential sources"); *see also United States v. Johnson*, 752 F.2d 206, 209 n.2 (6th Cir. 1985) (deeming "unavailable" any "witness

5

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

who persists in refusing to testify . . . despite an order of the court to do so"). The applicability of this privilege in this case—generally and as to specific questions—is likely to be a point of significant debate. *See Sterling*, 818 F. Supp. 2d at 955 (noting, contrary to the Government's view, courts have found that the "reporter's privilege is not narrowly limited to protecting the reporter from disclosing the names of confidential sources, but also extends to information that could lead to the discovery of a source's identity"). While the witnesses may attempt to assert this privilege at deposition just as they would at trial, the interests of justice and of efficiency are clearly served by resolving such challenges prior to trial rather than during trial, when such challenges could prompt a prolonged disruption of trial proceedings, impacting jurors in addition to the parties and the Court.

### B. (U) Materiality

(U) Testimony from the Rule 15 witnesses is unquestionably material, as it would "tend[] to negate an element of the crime or establish a defense." *United States v. Rosen*, 240 F.R.D. 204, 209 (E.D. Va. 2007). In the Rule 15 context, "materiality has the same meaning the Supreme Court gave the term in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and its progeny, namely, that the evidence or testimony must be exculpatory, and not . corroborative or cumulative of other evidence." *Id.* (internal citations omitted).

(U) Two of the three Rule 15 witnesses—Journalist A and Journalist B—are specifically cited as actors in the Indictment.[2] The Government has produced nothing to reflect the nature and extent of these witnesses prospective trial testimony and has represented that it has nothing responsive regarding the Government's production obligations under 18 U.S.C. § 3500. Thus,

---

(U) [2] Researcher 1 has worked in close association with Journalist A.

6

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

the testimony of the Rule 15 witnesses is not cumulative of any evidence produced during discovery and, for example, goes directly to key elements of 18 U.S.C. § 793(d). Specifically, Section 793(d) requires a defendant to have "reason to believe" that the disclosure "could be used to the injury of the United States." Journalists A and B participated in oral and written communications with Mr. Kiriakou—specifically relating to the elements of the Government's required proof—as reflected in the plain language of the Indictment. In addition, it is clear that these witnesses had multiple sources for classified information that they had well before the disclosures at issue in this case. Therefore, testimony may be expected to be both classified and exculpatory with respect to Mr. Kiriakou and is clearly material to his defense.

(U) The testimony of Journalist A, Journalist B, and Researcher 1 also negates required elements of both Section 421(a) and 793(d), which respectively mandate that a defendant act "intentionally" and "willfully." The defense anticipates the likely elicited testimony to speak directly to whether Mr. Kiriakou had the requisite state of mind or was merely induced into disclosing the information by the these witnesses.

### C. (U) Interests of Justice

(U) Although a separate factor, "this consideration is inherently tied to whether the witness's testimony would be material; that is, '[t]he principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case.'" *Jefferson*, 594 F. Supp. 2d at 671. As described in detail above, the materiality of the proposed testimony is clear. It would be plainly unjust to deny Mr. Kiriakou the opportunity to obtain exculpatory testimony from the requested individuals whose conduct and dealings with Mr. Kiriakou are at the heart of the alleged violations.

7

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

(U) The interests of justice are the basis for this motion and the Court must avoid the highly prejudicial circumstances that will result when (a) Mr. Kiriakou calls Journalist A, Journalist B, or Researcher 1 at trial, (b) the questions put to each witness elicit answers that include classified information—the specifics of which are not known until that moment, and (c) Mr. Kiriakou is prohibited from offering that classified testimony in his defense because of his failure to comply with the CIPA notice requirements. Such a sequence of events would deny Mr. Kiriakou the opportunity to elicit highly probative and perhaps exculpatory testimony at his trial. Providing a remedy to such a scenario is critical to the administration and the interests of justice in this case.

(U) CIPA was not intended to hamstring the defense in such a manner. Denying this motion would deprive Mr. Kiriakou of a vehicle to meet his noticing obligations and clearly not be in the interests of justice. Finally, it is also in the interests of justice to resolve any journalist's privilege issues in the context of depositions rather than delaying until trial when such challenges would be more disruptive.

## (U) CONCLUSION

(U) For the foregoing reasons, the Court should grant Mr. Kiriakou's Motion for Rule 15 Depositions.

8

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Respectfully submitted,

/s/ Plato Cacheris

_____

Plato Cacheris
(Va. Bar No. 04603)
pcacheris@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

/s/ John F. Hundley

_____

John Francis Hundley
(Va. Bar No. 36166)
jhundley@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

/s/ Robert P. Trout

_____

Robert P. Trout
(Va. Bar No. 13642)
rtrout@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

/s/ Jesse I. Winograd

_____

Jesse I. Winograd
(Va. Bar No. 79778)
jwinograd@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

/s/ Mark J. MacDougall

_____

Mark J. MacDougall
(Admitted *Pro Hac Vice*)
mmacdougall@akingump.com
Attorney for John Kiriakou
AKIN GUMP STRAUSS
    HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 887-4510
Fax: (202) 887-4288

9

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

## Certificate of Service

(U)   I hereby certify that on this 28th day of September, 2012, I filed the foregoing motion and supporting memorandum, by hand, with the Classified Information Security Officer.  Pursuant to the Protective Order, the Classified Information Security Officer will deliver the foregoing to the Court and to counsel for the United States:

Lisa L. Owings
Lisa.owings@usdoj.gov
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314

Ryan P. Fayhee
ryan.fayhee@usdoj.gov
U.S. Department of Justice
Trial Attorney
Counterespionage Section
600 E Street, N.W.
Washington, D.C. 20004

Iris Lan
Iris.lan@usdoj.gov
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314

Mark E. Schneider
Mark.schneider@usdoj.gov
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314

/s/ Robert P. Trout
Robert P. Trout
(Va. Bar No. 13642)
rtrout@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300

10

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

11

REDACTED / CLEARED FOR PUBLIC RELEASE