REDACTED / CLEARED FOR PUBLIC RELEASE

Filed with Classified
Information Security Officer

CISO

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

UNITED STATES OF AMERICA,       )
                         )
      v.                     )    **Criminal No. 1:12-cr-00127-LMB**
                         )
JOHN KIRIAKOU,            )    **Filed In Camera and Under Seal**
                         )    **with the Classified Information**
         Defendant.     )    **Security Officer**

### (U)  REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

(U)  Defendant John Kiriakou respectfully submits this reply memorandum in further support of his motion to compel the government to produce certain documents critical to the preparation of his defense.

(U)  Mr. Kiriakou's motion seeks to compel the production of six narrowly-defined categories of documents. Almost without exception, the government admits that it possesses the evidence Mr. Kiriakou seeks. It nevertheless refuses to produce that evidence on the grounds that it is not "helpful" to Mr. Kiriakou's defense – as if the defense were seeking it because it is unhelpful to Mr. Kiriakou's case. Of course, the opposite is true. The requested evidence is manifestly helpful – indeed critical – to the defense, and it is that very helpfulness that explains the government's reluctance to produce it.

### I. (U) LAW

#### (U) A. The Constitution and Rule 16 Apply in CIPA Prosecutions

(U)  There is only one Constitution and only one Rule 16, and they apply equally in cases involving classified information as they do in other cases. Under the Constitution, the government must produce all evidence "favorable" to the defense in time for the defense to make

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

effective use of it. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Under the "much broader" disclosure requirements of Rule 16, *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010 quoting *United States v. Conder*, 423 F.2d 904, 911 (6th Cir. 1970)), the government must produce all evidence "material to preparing the defense," Fed. R. Crim. Pro. 16(a)(1)(E)(i). Evidence is "material" within the meaning of Rule 16 if it might "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id.* at 621 (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)); *see also United States v. Salad*, 779 F. Supp. 2d 503, 507 (E.D. Va. 2011).

(U) The government devotes a substantial portion of its brief to arguing that its discovery obligations are somehow diminished in a case that involves classified information, but that is not the law. Section 4 of CIPA, which governs "discovery of classified information by defendants," expressly incorporates the discovery standards of the Federal Rules of Criminal Procedure and narrowly delineates the specific protective measures that a district court may impose to limit the disclosure of classified information in discovery – *i.e.*, "to delete specified items of classified information from documents to be made available to the defendant . . ., to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove." 18 U.S.C. App. 3, § 4; *see also United States v. Yunis*, 867 F.2d 617, 622 (D.C. Cir. 1989) (CIPA "creates no new rights of or limits on discovery" but instead "contemplates an application of the general law of discovery in criminal cases to the classified information area with limitations imposed based on the sensitive nature of the classified information."). Thus, while it is true that "CIPA vests district courts with wide latitude to deal with thorny problems of national security in the context of criminal proceedings," *United States v. Abu Ali*, 528 F.3d 210, 248 (4th Cir. 2008), evidence that meets the *Brady*

2

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

standard of "favorability" or the Rule 16 standard of "materiality" must be produced, or an adequate substitute or admission of facts provided in its stead. Needless to say, CIPA does *not* authorize what the government proposes here, which is the wholesale withholding of entire categories of discoverable documents based on the government's unilateral assessment that the evidence is not "helpful" to the defense.

### (U) B. Mr. Kiriakou Is Entitled To Discover and Present Evidence that He Had No Intent To Harm the United States

(U) Mr. Kiriakou is charged with three counts of "espionage" in violation of 18 U.S.C. § 793(d). To convict Mr. Kiriakou of these offenses, the government must prove that he acted willfully and in bad faith by disclosing information relating to the national defense that he had reason to believe could be used to the injury of the United States or the advantage of any foreign nation." 18 U.S.C. s. 793(d); *see also United States v. Gorin*, 312 U.S. 19, 28 (1941); *United States v. Morrison*, 844 F.2d 1071-72 (4th Cir. 1988); *United States v. Rosen*, 445 F. Supp. 2d 602, 626, 643 (E.D. Va. 2006) (all requiring proof of defendant's bad faith in prosecutions under the Espionage Act and predecessor statutes).[1]

(U) Despite this settled law, the government repeatedly argues that it is not required to prove, and does not intend to prove, that Mr. Kiriakou intended to harm the United States or assist any

---

(U) [1] The government appears to argue that the element of bad faith does not apply in this case because the disclosures at issue occurred over email and were thus "tangible." That is an obvious misreading of Section 793(d), which distinguishes not between the *means* by which a disclosure is made, but rather between *kinds* of information disclosed, *i.e.*, whether the information was tangible or intangible. 18 U.S.C. s. 793(d); *see also United States v. Drake*, 818 F. Supp. 2d 909, 916-18 (D. Md. 2011) (statute imposes "different *mens rea* requirements for criminal violations involving the 'documents' clause and the 'information' clause"). The disclosures alleged in the Indictment plainly were disclosures of intangible "information," *i.e.*, the identity of Covert Officer A and the association of Officer B with certain classified operations. The fact that those disclosures occurred "electronically" rather than "orally" changes nothing. As such, the heightened scienter requirements for disclosures of intangible information apply here. *Rosen*, 445 F. Supp. at 643.

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

foreign nation, and that much of the requested discovery is therefore irrelevant, unhelpful, undiscoverable, and inadmissible at trial. As an initial matter, the government is simply wrong about the law. To convict Mr. Kiriakou under Section 793(d), the government must "demonstrate the likelihood of [his] bad faith purpose to either harm the United States or to aid a foreign government," and Mr. Kiriakou is entitled to discover, and present, evidence that shows the opposite. *Rosen*, 445 F. Supp. 2d at 626.[2]

(U) But the government's argument misses the point at an even more fundamental level, because Mr. Kiriakou undoubtedly is entitled to discover and present evidence relevant to his motive and intent, or lack thereof. Thus, even if the government were correct that it is not *required* to prove that Mr. Kiriakou intended to harm the United States or assist a foreign power, it does not follow that that Mr. Kiriakou is *precluded* from offering evidence that he did *not* intend to harm the United States or assist a foreign power – much less does it follow that such evidence is "irrelevant" and "unhelpful" to preparing the defense. It is typically the case that the government is not required to prove that the defendant acted with any particular motive, or with any motive at all. But that does not mean that motive is irrelevant, or that the defendant is precluded from proving the absence of motive and intent. To the contrary, "'motive is always relevant in a criminal case, even if it is not an element of the crime.'" *United States v. Sanford Ltd.*, No. 11-CR-352, 2012 U.S. Dist. LEXIS 100092, at *16 (D.D.C. July 19, 2012) (quoting *United States v. Hill*, 643 F.3d 807, 843 (11th Cir. 2011)); *see also United States v. Day*, 591 F.2d

---

(U) 2 The government further attempts to distinguish *Rosen* on the grounds that the defendants in that case were not government employees. But Section 793(d) does not distinguish between government employees and non-government employees, and nothing in *Rosen* suggests that the elements of willfulness and bad faith drop in and out of the statute based on the defendant's employment status. Obviously, the government may attempt to use Mr. Kiriakou's government employment and non-disclosure agreements as *evidence* of willfulness and bad faith, but it may not amputate entire elements of the offense simply because he was once employed by the CIA.

4

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

861, 874 (D.C. Cir. 1978) ("Motive is a state of mind ... 'showing the probability of ... ensuing action and it is always relevant.'") (quoting 1 Wigmore on Evidence, § 118 at 558, 561 (3d ed. 1940)). Just as the government is entitled to prove motive when the evidence enables it to do so, so is the defendant entitled to prove the absence of motive when that is what the evidence shows, and indeed Rule 404(b) specifically permits the use of prior act evidence to prove motive, intent, and the lack thereof. FRE 404(b)(2). If this were a case of classical spying for a foreign nation, the government undoubtedly would be entitled to offer evidence that defendant was acting as a spy for a foreign power and disclosed sensitive information with the intent to aid that foreign power and harm the United States. Just as surely, a defendant like Mr. Kiriakou, charged under the Espionage Act with discloseng national security information that he knew could harm the United States or assist a foreign power, must be permitted to offer evidence that he had no motive or intent to cause such harm or provide such assistance.

(U) Mr. Kiriakou's right to present evidence that he had no intent to harm the United States is especially important in this case, since the government intends to offer evidence that the information at issue ended up in the hands of terrorists detained at Guantanamo Bay. The government's response to Mr. Kiriakou's CIPA notice bluntly states that the government intends to call the Guantanamo defense investigator, John Sifton, to testify about "how he was unable to locate Covert Officer A and Officer B before Journalist A provided his name." *See* Gov't Resp. to CIPA Notice at 33. That testimony is not directly relevant to the government's proof of any element of the charged offenses, but the government does not appear to apply the same cramped notions of "relevance" and "helpfulness" to its own trial narrative as it attempts to impose on Mr. Kiriakou. Plainly, if the government is allowed to offer evidence that the information allegedly disclosed by Mr. Kiriakou made its way to terrorist detainees, Mr. Kiriakou *must* be permitted to

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

discover, and offer, the evidence necessary to rebut any inference that he intended to assist such terrorists or harm the United States.

## II. (U) ARGUMENT

### (U) A. Records Pertaining to Mr. Kiriakou's CIA Employment, Commendations and Awards, and Heroism in Service of the United States

(U) Mr. Kiriakou has requested records pertaining to his fifteen years of service to the CIA, the commendations and awards that he received while in the CIA's employ, and specific instances of his valor, heroism, and self-sacrifice in service to the United States. The government concedes that it possesses these records, but refuses to produce them on the grounds that they are evidence of mere "good conduct" by Mr. Kiriakou irrelevant to the elements of the charged offenses and inadmissible as character evidence under the Rules of Evidence.

(U) The government is wrong for at least two reasons. First, a "bad faith purpose . . . to harm the United States" *is* an essential element of the Section 793(d) offenses with which Mr. Kiriakou is charged. *Rosen*, 445 F. Supp. 2d at 626; *see also Gorin*, 312 U.S. at 28; *Morrison*, 844 F.2d at 1071-72. Evidence that Mr. Kiriakou honorably served his country for fifteen years, placed his own life at risk to protect the national security, and received multiple awards and decorations for his service goes to the heart of the very specific *mens rea* element of the Espionage Act, and directly rebuts any evidence that Mr. Kiriakou acted with a "bad faith purpose to . . . harm the United States" – evidence the government *must* present in order to convict Mr. Kiriakou under Section 793(d). *Rosen*, 445 F. Supp. 2d at 626.[3]

---

(U) [3] None of the cases that the government cites in support of its argument concern the Espionage Act, and none of the statutes at issue in those cases incorporates the very specific state-of-mind element that the Espionage Act includes. *See Michelson v. United States*, 335 U.S. 469 (1948) (bribery); *United States v. Camejo*, 929 F.2d 610 (11th Cir. 1991) (drug conspiracy); *United States v. Burke*, 781 F>2d 1234 (7th Cir. 1985) (extortion).

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

(U) Second, Mr. Kiriakou is entitled to present evidence that he was not motivated by any intent to harm the United States or to assist its enemies, including the Guantanamo Bay detainees. Evidence that Mr. Kiriakou put his own life at risk to protect the national security could hardly be more pertinent to demonstrating the absence of any motive to harm the United States – a motive that the government inevitably will plant in the jurors' minds if it is permitted to offer evidence that the information at issue made its way to terrorist detainees in Guantanamo Bay. And the Federal Rules of Evidence specifically permit proof of intent, motive, and lack thereof by reference to specific prior acts. FRE 404(b)(2).

## (U) B. Documents Concerning Critical Witnesses

(U) Mr. Kiriakou also requested the production of additional relevant communications between critical witnesses, including the two journalists identified by pseudonym in the Indictment and [          ] the Guantanamo defense investigator. In its response, the government asserts that it has produced all such communications in its possession. The defense takes the government at its word, and will subpoena the requested communications from the witnesses themselves under Rule 17.

## (U) C. Documents Showing Mr. Kiriakou Had No Intent To Harm the United States

(U) Mr. Kiriakou has also requested all documents reflecting that Mr. Kiriakou had no intent to harm the United States. Here, the government asserts that it "has produced any information ... that could arguably be considered either exculpatory as to guilt or otherwise material or helpful to the preparation of the defense," but then devotes several pages to its oft-repeated argument that such evidence is irrelevant and unhelpful because the government is not required to prove that Mr. Kiriakou intended to harm the United States. As demonstrated above, that argument is both incorrect and off-point. Accordingly, to the extent that the government is withholding

7

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

responsive evidence because it deems that evidence "irrelevant" and "unhelpful" under its unjustifiably pinched and restrictive interpretation of Section 793(d), it should be required to produce that evidence.

(U) **D. Evidence Showing the Security Clearances Held by Government Investigators**

(U) Mr. Kiriakou was interviewed by two Special Agents of the FBI on January 19, 2012 about various matters that the government has declared Top Secret/Sensitive Compartmented Information including, *inter alia*, the true identity of Covert Officer A. Mr. Kiriakou has asked for confirmation that these officers possessed the appropriate security clearances to obtain this information, including the relevant SCI permissions. The government has refused to provide that confirmation and even now conspicuously fails to represent that these agents possessed the required security clearances, stating only that "the assigned case agents have conducted themselves in accordance with appropriate security protocols during the course of this investigation" – a circumlocution as notable for what it does *not* say as for what it does say.

(U) Beyond this unsupported and unsworn assertion, the government does not even attempt to respond to Mr. Kiriakou's arguments about the relevancy of this evidence, but its relevance is clear. First, whether the government took the steps necessary to ensure that its own investigation did not result in the disclosure of a covert agent's identity directly affects its ability to prove that it has taken legally sufficient "affirmative measures" to conceal his identity. 50 U.S.C. §§ 421(a), 426(4). Second, if indeed the government arbitrarily flouted the very classification procedures it charges Mr. Kiriakou with violating, that fact could provide grounds for this Court to suppress the statement "in the exercise of [its] supervisory powers" to "implement a remedy ... designed to deter illegal conduct" by the government. *United States v. Moussaoui*, 483 F.3d 220, 237 n. 13 (4th Cir. 2007). Finally, if the government has not observed the very classification

8

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

procedures that it now charges Mr. Kiriakou with violating, that evidence tends to confirm that Mr. Kiriakou is being prosecuted selectively and vindictively.

E.

To convict on these counts, the government must prove that Mr. Kiriakou, acting willfully and in bad faith, disclosed this information while having reason to believe that its disclosure could harm the national security. The requested information is central to Mr. Kiriakou's defense on the scienter element of these counts.

The government dismisses this inference as "baseless," as if to say no one could

9

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

reasonably connect these two dots. In fact, the inference is inescapable.

(U) **F. Evidence of Selective and Vindictive Prosecution**

The government has produced several documents in discovery – specifically, internal CIA communications – strongly indicating that Mr. Kiriakou was singled out for prosecution not because of the conduct charged in the Indictment, but because of anger within the CIA over his public discussion of the CIA's use of torture on terrorist suspects.

– very nearly the definition of a selective prosecution. Whether or not these documents, standing by themselves, establish a case of vindictive or selective prosecution, they certainly provide a sound basis for ordering the government to provide additional discovery relevant to these issues, so that the Court may make an informed assessment in light of the full record.

**III.** (U) **CONCLUSION**

(U)  WHEREFORE, Defendant John Kiriakou respectfully submits that his motion to compel the production of documents should be granted.

10

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

(U) Respectfully submitted,

/s/ Plato Cacheris

Plato Cacheris
(Va. Bar No. 04603)
pcacheris@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

/s/ John F. Hundley

John Francis Hundley
(Va. Bar No. 36166)
jhundley@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

/s/ Robert P. Trout

Robert P. Trout
(Va. Bar No. 13642)
rtrout@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

/s/ Jesse I. Winograd

Jesse I. Winograd
(Va. Bar No. 79778)
jwinograd@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

/s/ Mark J. MacDougall

Mark J. MacDougall
(Admitted *Pro Hac Vice*)
mmacdougall@akingump.com
Attorney for John Kiriakou
AKIN GUMP STRAUSS
   HAUER & FELD, LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Phone: (202) 887-4510
Fax: (202) 887-4288

11

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

## (U) Certificate of Service

(U) I hereby certify that on this 28th day of September, 2012, I filed the foregoing memorandum, by hand, with the Classified Information Security Officer. Pursuant to the Protective Order, the Classified Information Security Officer will deliver the foregoing to the Court and to counsel for the United States:

Lisa L. Owings
Lisa.owings@usdoj.gov
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314

Ryan P. Fayhee
ryan.fayhee@usdoj.gov
U.S. Department of Justice
Trial Attorney
Counterespionage Section
600 E Street, N.W.
Washington, D.C. 20004

Iris Lan
Iris.lan@usdoj.gov
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314

Mark E. Schneider
Mark.schneider@usdoj.gov
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314

/s/ Robert P. Trout

Robert P. Trout
(Va. Bar No. 13642)
rtrout@troutcacheris.com
Attorney for John Kiriakou
TROUT CACHERIS, PLLC
1350 Connecticut Ave, N.W., Suite 300

12

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

Washington, D.C. 20036
Phone: (202) 464-3300
Fax:  (202) 464-3319

13

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

# EXHIBIT A TO REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

C05873688



REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

C05873688

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

**EXHIBIT B TO REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO COMPEL PRODUCTION OF
DOCUMENTS**

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

C05873186

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

**EXHIBIT C TO REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

REDACTED / CLEARED FOR PUBLIC RELEASE

REDACTED / CLEARED FOR PUBLIC RELEASE

C05873191

REDACTED / CLEARED FOR PUBLIC RELEASE