IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:12cr127 (LMB) |
| ) | |
| JOHN C. KIRIAKOU, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, the below-listed counsel for the government, defendant JOHN C. KIRIAKOU, and the defendant's counsel have entered into an agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant agrees to plead guilty to Count One of the indictment, charging him with intentionally disclosing information identifying a covert agent, in violation of Title 50, United States Code, Section 421(a). The maximum penalties for this offense are, a maximum term of ten (10) years of imprisonment, a fine of $250,000, a special assessment of $100.00, and three (3) years of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

### 2. Binding Sentence to Term of Imprisonment Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure

The United States and the defendant agree that the defendant's sentence shall be imposed pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The United States and the defendant agree that the appropriate sentence in this case is a term of imprisonment of thirty (30) months on Count One, a term of supervised release of three (3) years, and a special assessment of $100. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw this guilty plea. The defendant understands that in the event the Court does not accept this plea agreement, the United States is free to bring against him in a separate proceeding the criminal charges contained in the indictment and any other applicable charges and that he may face a greater sentence of imprisonment if convicted of these offenses.

### 3. Recommendation of Bureau of Prisons Facility

The United States does not oppose the defendant's request to the Court that he be recommended for designation by the Bureau of Prisons to serve any sentence he receives at the minimum security camp at FCI Loretto, Pennsylvania. The parties recognize that it is solely within the discretion of the Bureau of Prisons to determine where the defendant is actually designated.

### 4. Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable

doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

5. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

6. **Forfeiture of Pension Related to Federal Service**

a. The defendant understands that pursuant to Title 5, United States Code, Section 8312, he may not be paid an annuity or retirement payments arising from his federal service as a result of his conviction on the offense charged in Count One. Thus, the defendant agrees to forfeit any interests he has in such future payments.

b. The defendant also acknowledges and agrees that, pursuant to Title 5, United States Code, Section 8318(e), the defendant's spouse shall be eligible for spousal pension benefits only if the Attorney General of the United States determines that the defendant's spouse

fully cooperates with federal authorities in the ongoing criminal investigation and prosecution of the defendant. However, the decision to invoke the provision of Title 5, United States Code, Section 8318(e) is vested solely in the Attorney General, and any determination by the Attorney General that the defendant's spouse has not fully cooperated shall not be a basis for the defendant to withdraw his guilty plea.

### 7. Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

### 8. Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

### 9. Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 10. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts.

### 11. Dismissal of Other Counts

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts of the indictment against this defendant.

## 12. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Neil H. MacBride
United States Attorney

Mark E. Schneider / Iris Lan / Ryan P. Fayhee
Special Attorneys to the Attorney General

By: *[signature]*
W. Neil Hammerstrom, Jr.
Assistant United States Attorney

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 10-23-12

John C. Kiriakou
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 10/23/12

Robert P. Trout
Counsel for the Defendant

Date: 10/23/12

John F. Hundley /RPT
Counsel for the Defendant

Date: 10/23/12

Mark J. MacDougall /RPT
Counsel for the Defendant